BROWN, Chief Judge,
concurring.
Iil agree fully with Judge Caraway’s opinion but write to emphasize that Loutre Land & Timber Company specifically bought a 100-acre tract with the intent to obtain a windfall of an additional 14-18 acres. H.E. Perry, an experienced forester, represented Loutre in this acquisition from the Morgan estate. He testified as follows:
Q. Tell me what you did in preparation for the-for the sale going through?
A. Well, I walked the boundaries and I already knew where part of them were and then talked to Dr. Holder and I knew approximately how many acres were involved.
Q. So — and Dr. Holder told you, you said you talked to him about the acres involved, how many acres did you believe was involved?
A. He — he offered us the land — well, we asked if he would sell it to us, he offered us the land and he said a hundred acres at seventy — at $750 an acre.
Q. Is that believe — was that your belief on how many acres were being transferred to Loutre was a hundred acres?
A. I knew there was — I knew there was -more acres than that.
Q. Did you let Dr. Holder know about that?
A. Dr. Holder didn’t ask me, he told me what they wanted and we offered that to him.
Q. How did you know that there was more acres involved than — than a hundred acres?
A. Because I’ve been there a long time and I’ve looked at lots of maps in that area.
|2Q. So would it be fair to say you knew you were getting a deal, you were getting ...
A. I knew that there was some adverse possession there, yes.
H.E. Perry walked the boundaries and knew exactly where the section line was and that Loutre was only buying and paying for 100 acres. Mr. Perry omitted to disclose the information about the extra 14-18 acres when he talked with Dr. Hold *492 er. He knew that Dr. Holder was misinformed.